**IN THE UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

EDWIN CHESHIRE, RONALD SANDERS,
EDWIN CHESHIRE, JR., AMELIA CHANDLER,
AND KRISTINE PRUSKE, INDIVIDUALLY
AND DERIVATIVELY ON BEHALF OF HERITAGE
MERCANTILE FINANCIAL CORPORATION                    PLAINTIFFS

V.                                      CIVIL ACTION NO.3:06cv165HTW-JCS

PETER OKUNDAYE, IDAHOSA
OKUNBO, ALHAJI ABUBAKAR
ALIYU, HERITAGE MERCANTILE
FINANCIAL CORPORATION,
and JOHN DOES I - X                                  DEFENDANTS

**ORDER GRANTING REMAND**

Before this court is the motion of the plaintiffs asking this court to remand this

case to the Circuit Court of Madison County, Mississippi, where originally it was filed.

For juridical authority, plaintiffs rely upon Title 28 U.S.C. § 1447(c).[1]  In their complaint

filed in state court on March 9, 2006, the plaintiffs identify themselves as investors,

incorporators, and/or shareholders in Heritage Mercantile Financial Corporation who

are entitled to equitable relief and damages from the defendants.  According to

plaintiffs, the defendants engaged in wrongful misappropriation of corporate funds and

---

[1]Title 28 U.S.C. § 1447(c) provides that, "[a] motion to remand the case on the basis of
any defect other than lack of subject matter jurisdiction must be made within 30 days after the
filing of the notice of removal under section 1446(a). If at any time before final judgment it
appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An
order remanding the case may require payment of just costs and any actual expenses,
including attorney fees, incurred as a result of the removal. A certified copy of the order of
remand shall be mailed by the clerk to the clerk of the State court. The State court may
thereupon proceed with such case."

assets in which the plaintiffs have interests.  Plaintiffs bring this action individually and

derivatively on behalf of Heritage Mercantile Financial Corporation.

The defendant Heritage Mercantile Financial Corporation has filed a response

to the motion to remand and also has filed a motion to dismiss for lack of *in personam*

jurisdiction pursuant to Rule 12(b)(2)[2] of the Federal Rules of Civil Procedure.

Alternatively, that defendant contends that the court should follow principles of

abstention in this case.  This court shall address the plaintiffs' motion to remand first.

## THE MOTION TO REMAND

Defendants removed this matter from state court to this federal forum pursuant

to diversity of citizenship jurisdiction allowed by Title 28 U.S.C. § 1332.[3]  Under this

jurisdictional grant, the parties must be diverse in citizenship and the controversy itself

must involve a sum of money in excess of $75,000.00, exclusive of costs and interest.

Defendants contend that this lawsuit features both elements.

The plaintiffs do not quarrel with the amount-in-controversy requirement,

admitting that they are seeking actual and punitive damages in an amount which

exceeds this court's jurisdictional minimum.   The plaintiffs also seek attorney fees.

Plaintiffs' spar with defendants, however, lies with the parties' differing

approach to the issue of diversity.  In their initial complaint filed in state court, plaintiffs

---

[2]Rule 12(b)(2) provides:  "Every defense, in or fact, to a claim for relief in any pleading, ... shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:  (2) lack of jurisdiction over the person."

[3]Title 28 U.S.C. § 1332(a) confers jurisdiction on district courts over civil actions between citizens of different states where the amount in controversy is over $75,000.00.

listed the residence of plaintiff Kristine Pruske as Louisiana.  This was incorrect, say

plaintiffs.  Plaintiff Pruske, say plaintiffs, is actually a resident of San Antonio, Texas,

and has made her domicile there since November of 2004.  According to the plaintiffs,

on March 22, 2006, prior to removal of this action on that very same day, the plaintiffs

realized their error and filed an  amended complaint in the Circuit Court of Madison

County, Mississippi, which gives Kristine Pruske's correct address and domicile.

Despite this correction of the pleadings, say plaintiffs, the defendants removed the

lawsuit anyway, asserting that this federal court has jurisdiction over this matter

pursuant to Title 28 U.S.C. § 1332.

So, the plaintiffs argue that removal of this lawsuit to federal court was improper

under § 1332 because the parties are not diverse in citizenship.  Plaintiff Kristine

Pruske is a citizen of the State of Texas, according to the plaintiffs, and the

defendants Peter Okundaye and Heritage Mercantile Financial Corporation also are all

citizens of the State of Texas.  Therefore, conclude plaintiffs, no diversity jurisdiction

here exists.  Title 28 U.S.C. § 1332, say plaintiffs, requires that there be complete

diversity between the parties to the lawsuit.  *See Strawbridge v. Curtiss*, 7 U.S. (3

Cranch) 267, 2 L.Ed. 435 (1806) (every plaintiff be must diverse in citizenship from

every defendant).  Inasmuch as diversity is not complete in this case, the plaintiffs ask

this court to remand this lawsuit to the Circuit Court of Madison County, Mississippi,

with an award of just costs, actual expenses, and attorneys fees associated with the

prosecution of this motion.

The defendant Heritage Mercantile Financial Corporation (hereinafter

"Heritage") responded to the motion to remand, contending that the plaintiff Kristine

Pruske twice admitted that her residence was in Louisiana.  Further, contends

Heritage Mercantile Corporation, plaintiff Pruske has presented no proof that she has

established a new residence.

On February 9, 2007, this court directed the parties to conduct remand related

discovery and offer proof to determine the domicile of Kristine Pruske.  The plaintiffs

submitted Kristine Pruske's answers to interrogatories.

### KRISTINE PRUSKE'S INTERROGATORY RESPONSES

Kristine Pruske has provided answers to the defendants' interrogatories, stating

that she married Michael J. Pruske in November of 2004, and moved from Louisiana

to San Antonio, Texas.  The Pruske's address currently is 22214 Madison Park, San

Antonio, Texas, 78258, and Kristine Pruske offers this address as the place where her

personal belongings are kept.  The Pruske's federal tax return for January 1, 2005, to

December 31, 2005, shows their address to be 22214 Madison Park, San Antonio,

Texas, 78258.  Kristine Pruske's driver's license shows her address to be 22214

Madison Park, San Antonio, Texas, 78258.  Shortly after moving to San Antonio,

Kristine Pruske says she registered to vote in Baxer County, Texas.  She does not

have a voter registration card.  Kristine Pruske states that she has had no affiliations

with any churches, professional organizations, clubs or fraternal organizations for the

past three years, nor has she owned, leased or rented any real estate.  Kristine

Pruske also says that she has not been employed since moving to San Antonio in

November of 2004.

## ANALYSIS

The relevant time for determining domicile is the time at which the complaint was filed.  *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 166 (1914).  The state in which a person lives is considered his/her domicile until the evidence establishes the contrary.  *District of Columbia v. Murphy*, 314 U.S. 441, 445, 62 S.Ct. 303, 309-10 (1941);  *Computer People, Inc. v. Computer Dimensions International, Inc.,* 638 F.Supp. 1293, 1295 (M.D.La.1986).  Kristine Pruske's interrogatory responses show that she lived in Texas when the instant complaint was filed;  so, Texas may be presumed to be her domicile for diversity purposes.

Diversity of citizenship under § 1332 must exist at the time the action is commenced.  *Coury v. Prot*, 85 F.3d 244, 248-49 (5th Cir. 1996), citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 2221, 104 L.Ed.2d 893 (1989).  In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court.  *See Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986).  If diversity is established at the commencement and removal of the suit, it will not be destroyed by subsequent changes in the citizenship of the extant parties.  *Smith v. Sperling*, 354 U.S. 91, 93 n. 1, 77 S.Ct. 1112, 1114 n. 1, 1 L.Ed.2d 1205 (1957);  *Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L.Ed. 154 (1824); 1 J. Moore, *Moore's Federal Practice*, § 0.74[1].

The instant case was filed in the Circuit Court of Madison County, Mississippi, on March 9, 2006.  Then, at the time the plaintiffs corrected the matter of Kristine

Pruske's residence and domicile on March 22, 2006, by filing an amended complaint, the defendants removed the case to this court.  Now, the defendants must establish that the diversity upon which they rely for removal jurisdiction in this court existed at the commencement and removal of this lawsuit.  The defendants have offered nothing to counter the information supplied by Kristine Pruske in her interrogatory responses.

The United States Supreme Court long ago set forth factors, with no single factor controlling, to be considered when this court determines an individual's domicile (and whether it has been changed), including:  1. Current residence;  2. Voting registration and voting practices;  3. Rents or buys a home;  4. Location of spouse and family;  5. Location of personal property (movables);  6. Location of brokerage and bank accounts;  7. Membership in churches, clubs, unions and other organizations in the new residence, and whether such affiliations are retained in the former residence; 8. Whether a home is retained in the former state of residence;  9. Place of employment or business;  10. Driver's license and automobile registration; and 11. Domicile claimed for tax purposes.  *District of Columbia v. Murphy*, 314 U.S. at 445, 62 S.Ct. at 309-11*;  Computer People, Inc.*, 638 F.Supp. at 1295.

Based upon the above authority and the factors listed in *District of Columbia v. Murphy,* this court recognizes that the issue of Kristine Pruske's domicile is a mixed question of law and fact.  *Welsh v. American Surety Company*, 186 F.2d 16, 18 (5th Cir. 1951);  *Knapp v. State Farm Insurance*, 584 F.Supp. 905, 906 (E.D. La. 1984). Her responses to interrogatories establish clearly, as a matter of law, that her domicile was in San Antonio, Texas, when this case was filed and when it was removed to this

court.  Thus, when considering the *Murphy* factors applicable to the circumstances of Kristine Pruske, this court is persuaded that her domicile in San Antonio, Texas, has been established.

### CONCLUSION

This court is persuaded by Kristine Pruske's interrogatory responses that diversity in this case is not complete and that the plaintiffs' motion to remand is well taken.  Therefore, the motion to remand this case to the Circuit Court of Madison County, Mississippi, [**Docket No. 3**] is granted.  The motion of the defendants to dismiss this lawsuit pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of *in personam* jurisdiction, or to abstain [**Docket No. 4**], is hereby terminated as moot.  These matters may be re-urged in state court.

**SO ORDERED,** this the 31st day of August, 2007.

**s/ HENRY T. WINGATE**
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:06-cv-165WA
Order Granting Remand